1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6   ERIC MESI,                                    3:14-cv-00350-MMD-WGC

7                                   Plaintiff,    **REPORT & RECOMMENDATION OF**
                                                  **U.S. MAGISTRATE JUDGE**
8          v.

9   STATE OF NEVADA FORECLOSURE
    MEDIATION PROGRAM,
10
                                    Defendant.
11

12          This Report and Recommendation is made to the Honorable Robert C. Jones, United

13   States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

14   28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court are

15   Plaintiff's application for leave to proceed in forma pauperis (Doc. # 1)[1] and initial filing titled:

16   "Expunge Certificate and lien release" which also references an ongoing bankruptcy case,

17   12-05075-btb (Doc. # 1-1).

18                    **I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

19          A person may be granted permission to proceed in forma pauperis if the person "submits

20   an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

21   unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

22   action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

23   § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

24   applies to all actions filed in forma pauperis, not just prisoner actions).

25          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

26   who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

27   *in forma pauperis*. The application shall be made on the form provided by the Court and shall

28
    _____

    [1] Refers to court's docket number.

include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

The court has reviewed Plaintiff's application and while Plaintiff receives $2,159 per month in income, his listed expenses and liabilities come close to exceeding that number. Therefore, it appears Plaintiff would be unable to pay the filing fee and his application to proceed in forma pauperis should be granted.

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),

construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure §  1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Discussion**

Plaintiff has filed a document demanding that the court expunge a mediation certificate entered by the State of Nevada Foreclosure Mediation Program. (Doc. # 1-1 at 1.) He asserts that he is the owner of a residence at 6865 Quantum Court, Sparks, Nevada. (*Id.*) He states that Fred Mesi passed away on July 30, 2013, and did not attend a mediation meeting on December 19, 2013, as the mediation department represented. (*Id.*) He asserts that his bankruptcy case is ongoing, and wants "a lien release for certificate and any of the false claims on his home." (*Id.* at 2.) Attached as Exhibit 1 is a death certification for Fred Mesi. (Doc. # 1-1 at 5.)

It appears he wants the court to sign a document releasing a lien placed on the home by National Default Servicing Corporation. (Doc. # 1-1 at 7.)

- 3 -

1    As was pointed out to Plaintiff in a letter concerning his inquiry to the Nevada Supreme

2  Court regarding the Nevada Foreclosure Mediation Program certificate (Doc. # 1-1 at 11), under

3  Nevada Revised Statute 107.086, if a party is not satisfied with the outcome of a mediation

4  brought before the program, the remedy is to seek a Petition for Judicial Review with the District

5  Court in the County where the Notice of Default was recorded. This remedy is to be brought

6  before a district court of the State of Nevada, in the county in which the notice of default was

7  recorded[2], and not the federal district court.

8    Accordingly, the court recommends that this action be dismissed with prejudice.

9                                 **III. RECOMMENDATION**

10    **IT IS HEREBY RECOMMENDED** that Plaintiff's application to proceed in forma

11  pauperis be **GRANTED**, but that this action be **DISMISSED WITH PREJUDICE**.

12    **IT IS HEREBY FURTHER RECOMMENDED** that Doc. # 1-1 at 5 be **SEALED**

13  because it contains a full social security number of a person who is not the plaintiff. Fed. R. Civ.

14  P. 5.2.

15    Plaintiff should be aware of the following:

16    1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local

17  Rules of Practice, specific written objections to this Report and Recommendation within fourteen

18  days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and

19  Recommendation" and should be accompanied by points and authorities for consideration by the

20  District Court.

21    2. That this Report and Recommendation is not an appealable order and that any notice of

22  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

23  until entry of the District Court's judgment.

24

25  DATED: August 25, 2014

26  _____
    WILLIAM G. COBB
27  UNITED STATES MAGISTRATE JUDGE

28    [2] For example, if the notice of default was recorded in Washoe County, the petition would be filed in the
    Second Judicial District Court for the State of Nevada, in Washoe County.